PEOPLE *v.* McDONALD.

1. BURGLARY—IDENTITY OF PROPERTY—POSSESSION.
    In a prosecution for burglarizing an office, from which some caps, dynamite and fuse were stolen, testimony that the property was found concealed a couple of feet from where the respondents were arrested, two days after the crime, warranted the submission to the jury of the question whether or not respondents were in possession of it.

2. SAME—EVIDENCE OF IDENTITY.
    While the prosecution failed to identify positively the articles

found on respondents, with the stolen property, there was sufficient evidence to support the finding of the jury, where the stolen property was of the same kind and character as the respondents had, and was found on the morning of the second day following the crime.

3. SAME—LARCENY—POSSESSION OF STOLEN GOODS.

The possession of the stolen property, standing alone, is not even *prima facie* evidence that the person in whose possession it was found, committed the burglary, and although such proof unexplained is *prima facie* evidence of larceny, it will not sustain a conviction for burglary, unaccompanied by testimony of other facts and circumstances indicating the guilt of respondents.[1]

Error to Jackson; Parkinson, J. Submitted October 21, 1910. (Docket No. 143.) Decided December 7, 1910.

Benjamin McDonald and John Mason were convicted of the statutory offense of breaking and entering in the nighttime, an office not adjoining to or occupied with a dwelling house, with intent to commit larceny, and were sentenced to hard labor for a minimum period of seven years. Reversed.

*James J. Noon*, for appellants.

*Albert O. Reece*, Prosecuting Attorney, and *Frank L. Blackman*, Assistant Prosecuting Attorney, for the people.

BROOKE, J. Respondents were convicted of breaking and entering an office in the nighttime, with intent to commit the crime of larceny. The material facts are as follows: The American Sewer Pipe Company maintains a small structure at its clay pit, about four miles outside the city of Jackson. This building was closed and locked at 4:30 o'clock on the afternoon of Friday, October 1, 1909. At 6 o'clock on the following morning, it was

---

[1] As to presumption of burglary from possession of recently stolen property, see note to *State* v. *Brady* (Iowa), 12 L. R. A. (N. S.) 199.

found to have been broken open. A small quantity of dynamite, some caps, and fuse were missed. On Sunday morning respondents were arrested upon the Michigan Central track in or near Jackson. After they were lodged in jail, the officers returned to the spot where the arrest was made and discovered, in that immediate vicinity, under some weeds, a parcel containing dynamite, fuse, and caps, and a revolver with a black mask tied around it. Cartridges corresponding in caliber to those in the revolver were found upon the person of respondent Mc-Donald. While the dynamite, caps, and fuse, being common articles of commerce, were not positively identified as the property of the sewer pipe company, it was shown that they were in all respects similar to the property taken. About a month later, another parcel with like contents was found along the railway tracks, at a point some distance away from the place where the first parcel was discovered. The information contained two counts; one charging burglary, and the other larceny from an office in the daytime. After the proofs were closed, the prosecuting attorney dismissed the latter count, and the court, over objection, submitted the case to the jury upon the burglary charge alone.

Respondents denied possession of the property. While it is true, as urged by respondents, that none of it was found upon their persons when they were apprehended, yet it was found concealed at a point so close to where they were when arrested (less than two feet) and so near in point of time to the commission of the crime, we are of opinion that the question of whether or not respondents, at the moment of their arrest, were in the actual possession of the stolen property, was a question for the jury. Upon this question the court instructed the jury at length and properly.

The failure of the prosecution to positively identify any of the articles taken as the property of the American Sewer Pipe Company was made the ground of a motion for a direction of a verdict of "not guilty." This motion

was overruled. The evidence as to identity was heard by the jury, who evidently determined that, while not positive, it was sufficiently persuasive to warrant them in finding, beyond a reasonable doubt, that the property discovered by the officers on Sunday morning was the same property which had been stolen from the building of the American Sewer Pipe Company on Friday night. Assuming the possession to have been proven to the satisfaction of the jury, and such possession not being explained by respondents as innocent, we think the testimony as to identity sufficient to support the determination of the jury.

But assuming the identity of the property with that stolen, and further assuming that it was actually in possession of respondents at the time of their arrest, we think they could not properly be convicted of burglarly. This court is committed to the doctrine that the possession of stolen property, standing alone, is not even *prima facie* evidence that the person in whose possession it was found committed the burglary. *People* v. *Gordon*, 40 Mich. 716; *Stuart* v. *People*, 42 Mich. 255 (3 N. W. 863). Beyond the mere fact of possession (if that be shown), there is absolutely nothing in this record connecting the respondents with the commission of the crime. In this the case is clearly distinguishable from the case of *People* v. *Wood*, 99 Mich. 620 (58 N. W. 638), upon which the learned circuit judge evidently relied. There, the respondent was seen with his two companions going in the direction of the scene of the burglary, in a conveyance which, by reason of certain peculiarities, was readily traced from the place burglarized to the home of one of respondent's companions. Here, there is not a scintilla of evidence that either of the respondents were ever even in the vicinity of the clay pit where the crime was committed. The unexplained possession of property recently stolen is *prima facie* evidence of larceny (*People* v. *Carroll*, 54 Mich. 334 [20 N. W. 66]), but, unaccompanied

by other facts or circumstances indicating guilt, will not sustain a conviction for burglary.

The judgment must be reversed, and a new trial ordered.

HOOKER, MOORE, MCALVAY, and BLAIR, JJ., concurred.