PEOPLE *v.* WILLIAMS.
Opinion of the Court.

1. Appeal and Error—Leave to Appeal.
   Leave to appeal was improvidently granted where the Court of Appeals correctly disposed of the issues raised on appeal.

Dissenting Opinion.
T. M. Kavanagh and T. G. Kavanagh, JJ.

2. Burglary—Larceny—Stolen Goods—Possession—Evidence.
   *Possession is evidence that the possessor of stolen goods committed larceny, but it is not even* prima facie *evidence that the possessor committed a burglary (MCLA §§ 750.110, 750.356).*

3. Burglary—Statements—Evidence.
   *A statement by a defendant accused of breaking and entering, that he would have a hoist for sale after one was attempted to be stolen during the burglary of which he is accused is without probative force in proving defendant committed the burglary (MCLA § 750.110).*

Appeal from Court of Appeals, Division 3, Lesinski, C. J., and Burns and Holbrook, JJ., affirming Kent, John H. Vanderwal, J. Submitted November 6, 1969. (Calendar No. 21, Docket No. 52,073.) Decided March 9, 1970.

References for Points in Headnotes
[1] 5 Am Jur 2d, Appeal and Error § 705.
[2, 3] 13 Am Jur 2d, Burglary § 54.

11 Mich App 62, affirmed.

Ulysee Williams was convicted of breaking and entering a building with intent to commit larceny. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Wesley J. Nykamp,* Assistant Prosecuting Attorney, for the people.

*Warner, Norcross & Judd (Charles C. Lundstrom,* of counsel), for defendant.

BLACK, J. Now that the four issues decided below have come to submission here, I agree with Justice KELLY that our order granting leave was improvident* and that the opinion of Division 3 made correct disposition of those issues. See *People* v. *Williams* (1968), 11 Mich App 62.

I stand by the cited opinion and therefore vote to affirm.

T. E. BRENNAN, C. J., and DETHMERS, KELLY and ADAMS, JJ., concurred with BLACK, J.

T. G. KAVANAGH, J. (*dissenting*). A jury convicted Ulysee Williams of breaking and entering a shop building with intent to commit a larceny. On appeal he asserts that the evidence was insufficient to support his conviction. We agree.

A thief forcibly entered the Norder Excavating Company of Wyoming, Michigan between 12 o'clock noon on Sunday, January 9, 1966, and 7 o'clock the following Monday morning. The thief removed

---
* See 381 Mich 780.

several mechanics' hand tools from the shop and apparently attempted to steal a 200-pound electrical hoist. The only evidence of the attempt was a ladder found in a position under the hoist that might not have been there when the owner left the shop on the day of the theft.

The morning following the theft, the defendant unsuccessfully attempted to sell the stolen tools to the owner of a motor rebuilding shop in Wyoming, Michigan. During the attempted sale the defendant offered to sell an electrical hoist which he said he would have for sale the next Thursday. Later the same morning, defendant did sell the hand tools to another local concern for the sum of $30.

The purchaser realized he received stolen property through the chance reading of a newspaper article which described the theft and it was his description of the seller which led to the arrest of the defendant.

The owner, Norder, identified the tools sold by the defendant as the tools stolen from his shop. He also testified that, to the best of his knowledge, they were in his shop when he left on the day of the theft.

The defendant testified that he received the stolen goods from a Mr. Fraser on the Friday preceding the theft. According to the defendant, he had been selling tools for Mr. Fraser on a commission basis since December, 1965.

From these facts, only the possession of the stolen goods and the offer to sell an electric hoist could possibly connect the defendant with the crime. Possession is evidence that the possessor of the stolen goods committed larceny but is not evidence that he committed the breaking and entering.

"This court is committed to the doctrine that the possession of stolen property, standing alone, is

not even *prima facie* evidence that the person in whose possession it was found committed the burglary." *People* v. *McDonald* (1910), 163 Mich 552, 555.

In rejecting the defendant's claim of error, the Court of Appeals concluded that "the record made in the court below provides much more evidence than merely the defendant's physical possession of stolen property." 11 Mich App 62, 68. The court then referred to three facts found in the record: 1) The defendant's account of how he obtained the tools on January 7 was contradicted by the testimony of the owner that the tools were in the shop on January 9. 2) The defendant's description of Fraser, whom he named as the supplier of the stolen tools, varied from the description of Fraser by another defense witness. 3) Two witnesses testified that the defendant said he would have an electric hoist for sale in a few days, and Norder's testimony indicated an attempt had been made to steal his electric hoist.

That the defendant's story varied from the other witnesses' would be sufficient evidence to warrant a jury's conclusion that the defendant was a liar, but, even coupled with possession of stolen goods it adds up to only a lying thief—not a burglar.

Regarding the third circumstance—that he said he would have a hoist for sale after one was attempted to be stolen—the most that can be said for this is that it is ambiguous.

Here, as in *People* v. *Owen* (1927), 241 Mich 111, 117, the form of the statement is that of an innocent declaration—as consistent with a purpose to acquire the merchandise legitimately as illegitimately. Here, as there, we hold the statement, even coupled with possession, is without probative force when the charge is breaking and entering. "Where the charge

is larceny another rule is applied." *People* v. *Owen,* *supra,* 117.

A careful examination of this record discloses no evidence which will support the conviction of the defendant for breaking and entering.

For this reason the conviction should be set aside and the defendant discharged.

T. M. KAVANAGH, J., concurred with T. G. KAVANAGH, J.