PEOPLE v. WARREN

1. Evidence—Infants—Records—Admissibility—Statutes.

Records of a juvenile offender are inadmissible against him in any other cause or proceeding in any court for any purpose whatever except in subsequent cases against that same offender under the statute relating to disposition of juveniles (MCLA § 712A.23).

2. Evidence—Infants—Records—Admissibility—Statutes.

Admission into evidence of defendant's juvenile record for the purpose of impeaching his credibility constituted reversible error since under the juvenile offenders statute that record was inadmissible for any purpose (MCLA § 712A.23).

3. Appeal and Error—Evidence—Testimony—Failure to Object —Waiver of Issue.

Failure to object to testimony indicating that defendant made no statement after he was advised of his constitutional rights by the police was a waiver of that issue on appeal.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 March 4, 1970, at Detroit. (Docket No. 6,240.) Decided March 27, 1970.

McArthur Warren was convicted of larceny from a person. Defendant appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]   58 Am Jur, Witnesses § 736.
[3]   4 Am Jur 2d, Appeal and Error § 562 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

PER CURIAM. Defendant McArthur Warren was convicted by the trial court, after waiving his right to jury trial, of larceny from a person. MCLA § 750.357 (Stat Ann 1954 Rev § 28.589). Defendant brings this appeal as of right.

At trial the details of defendant's juvenile record were admitted into evidence over defendant's objection for the purpose of impeaching defendant's credibility.

It is defendant's position on appeal that admission of his juvenile record constituted reversible error. We agree.

The statute governing the instant case is MCLA § 712A.23 (Stat Ann 1962 Rev § 27.3178 [598.23]), which provides:

"A disposition of any child under this chapter, or any evidence given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this chapter."

The purpose behind the statute was set out in *People* v. *Smallwood* (1943), 306 Mich 49. There the Court stated at 53:

"There is no question but that this salutary statute is for the purpose of protecting a child when it becomes a ward of the State. Its aim is 'to hide youthful errors from the full gaze of the public and bury them in the graveyard of the forgotten past.' *State* v. *Guerrero,* 58 Ariz 421 (120 P2d 798). It prohibits the use of juvenile court proceedings or evidence obtained therein against a child in any other court to discredit him as one possessing a criminal history. *Malone* v. *State,* 130 Ohio St. 443 (200 NE 473)."

Defendant also attacks the sufficiency of the evidence and testimony which indicated that he made no statement after he was advised of his constitutional rights by the police. An examination of the record reveals that evidence was introduced which if believed by the trier of fact, was sufficient to sustain the conviction of the defendant beyond a reasonable doubt. As to the testimony that defendant made no statement, no objection was raised below, thereby waiving the issue for appeal.

Reversed and remanded for new trial.