PEOPLE v KONKE

Docket No. 31151. Submitted November 2, 1977, at Detroit.—Decided
April 20, 1978.

Frank Konke and Anthony Oddo were charged with receiving
and concealing stolen property. The Wayne Circuit Court, Irwin
H. Burdick, J., granted the defendant's motion to suppress
evidence and ordered tape-recorded evidence of statements
made by defendants to an informer suppressed. The people
appeal, by leave granted, from this order. *Held:*

Although the investigation was undoubtedly aimed at gather-
ing evidence against the defendants, none of the elements of
compulsion or coercion which trigger the requirement that
*Miranda* warnings be given were present. Defendants were
neither in custody nor in the intimidating atmosphere of a
police station and they were not questioned by a figure of
authority. Defendants were in a public place, engaged in volun-
tary conversation with one whom they thought to be a friend,
and any incriminating statements were made freely and volun-
tarily, not under compulsion. The fact that the informer was an
agent of the police does not change the fact that the incrimi-
nating statements were made freely and voluntarily and not
under compulsion.

Reversed and remanded.

1. CRIMINAL LAW—CONSTITUTIONAL LAW—MIRANDA WARNINGS—IN-
    VESTIGATIVE FOCUS—COERCIVE ENVIRONMENT.
    Investigative focus is an inappropriate standard upon which to

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 29 Am Jur 2d, Evidence §§ 555–557, 566 *et seq.*

[2, 3] 29 Am Jur 2d, Evidence §§ 435, 436, 572.

Admissibility of sound recordings in evidence. 58 ALR2d 1024.

Admissibility, in criminal prosecution of evidence secured by me-
chanical or electronic eavesdropping device. 97 ALR2d 1283.

Admissibility of confession as affected by its inducement through
artifice, deception, trickery, or fraud. 99 ALR2d 772.

Admissibility, in criminal prosecution, of evidence obtained by
electronic surveillance of prisoner. 57 ALR3d 172.

Obtaining evidence by use of sound recordings or of mechanical or
electronic eavesdropping device as violation of Fourth Amend-
ment—Federal cases. 17 L Ed 2d 1008.

determine whether a coercive environment has developed for purposes of applying the *Miranda* principles.

2. CRIMINAL LAW—APPEAL AND ERROR—EVIDENCE—TAPE RECORDINGS —INFORMERS—SEARCH WARRANTS—MIRANDA WARNINGS—COMPULSION—COERCION—INVESTIGATIVE FOCUS.

Tape-recorded evidence of statements made by defendants to an informer equipped with a recording device pursuant to search warrants were erroneously suppressed, in an action for receiving and concealing stolen property, on the ground that the defendants were not given their *Miranda* warnings prior to being engaged in the conversation where none of the elements of compulsion or coercion which trigger the requirement that *Miranda* warnings be given were present, although the investigation had focused on the defendants.

3. CRIMINAL LAW—MIRANDA WARNINGS—COMPULSION—COERCION— INFORMERS—TAPE RECORDINGS—SEARCH WARRANTS—INCRIMINATING STATEMENTS—IN-CUSTODY QUESTIONING—AUTHORITY FIGURES—POLICE AGENTS.

The elements of compulsion or coercion which trigger the requirement that *Miranda* warnings be given a defendant were not present when the defendants, in an action for receiving and concealing stolen property, voluntarily engaged in a conversation in a public place with one whom they thought to be a friend, but who in fact was a police informant equipped with a recording device pursuant to search warrants, where any incriminating statements were made freely and voluntarily, where defendants were neither in custody nor in the intimidating atmosphere of a police station, and where they were not questioned by a figure of authority or confronted by a police officer; the fact that the informant was an agent of the police does not change the fact that the incriminating statements were made freely and voluntarily and not under compulsion.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patrick J. Foley,* Director, Wayne County Organized Crime Task Force, and *John E. Steele,* Assistant Prosecuting Attorney, for the people.

*Lawrence B. Macdonald,* for defendant Konke.

*Edward A. Khoury,* for defendant Oddo.

Before: BEASLEY, P. J., and D. E. HOLBROOK, JR., and M. J. KELLY, JJ.

PER CURIAM. In this case the prosecutor appeals, by leave granted, from a trial court order suppressing tape-recorded evidence of statements made by defendants to an informer, who was equipped with a recording device pursuant to search warrants, as required by *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975).

Investigators for the Wayne County Organized Crime Task Force were informed by Norman Giveins and two others that they had in the past committed several burglaries, and had disposed of the stolen goods therefrom by consigning them to defendants for resale. On the basis of this information, the task force obtained two search warrants, one in Wayne County on August 6, 1975, and one in Macomb County on August 19, 1975, authorizing them to place hidden recording devices on Giveins before he met defendants in two named bars, one in Wayne County and one in Macomb. The meetings took place as scheduled, and were recorded. Defendants were subsequently charged on October 28, 1975, in Wayne County with receiving and concealing stolen property.

Defendants moved in Wayne County Circuit Court to suppress the tape-recorded evidence of the conversations between defendants and Giveins (who is now deceased), on grounds that their Fifth Amendment right against compulsory self-incrimination had been violated. The motion was granted and this appeal followed.

Defendants successfully argued below that because the investigation had focused on them, the doctrine of *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975), required that they be given

their *Miranda* warnings prior to being engaged in conversation by Giveins. We disagree. Although the investigation was undoubtedly aimed at gathering evidence against defendants, there were none of the elements of compulsion or coercion which trigger the requirement that *Miranda* warnings be given. Defendants were neither in custody nor in the intimidating atmosphere of a police station. Indeed, they were not even confronted by a police officer. This was not a case where a suspect is being questioned by a figure of authority, as was the case in *Reed, supra,* and indeed in *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), and *Escobedo v Illinois,* 378 US 478; 84 S Ct 1758; 12 L Ed 2d 977 (1964), from which the "focus" test arose.

Here, defendants were in a public place, engaged in voluntary conversation with one whom they thought to be a friend. Any incriminating statements were made freely and voluntarily, not under compulsion. That Giveins was in fact an agent of the police does not change this fact. See *Hoffa v United States,* 385 US 293; 87 S Ct 408; 17 L Ed 2d 374 (1966), *Osborn v United States,* 385 US 323; 87 S Ct 429; 17 L Ed 2d 394 (1966). Moreover, the clear implication of *Beavers, supra,* that electronic monitoring is a valid investigative tool, if a warrant is obtained, would be rendered useless if *Miranda* warnings had to be given each suspect on whom an investigation had focused.

An analogy may be drawn from the United States Supreme Court holding in *Beckwith v United States,* 425 US 341; 96 S Ct 1612; 48 L Ed 2d 1 (1976), wherein it was held that *Miranda* warnings were not required where special agents of the Internal Revenue Service interviewed a taxpayer who was clearly the focus of a criminal

income tax investigation. We relied on *Beckwith* and *Oregon v Mathiason,* 429 US 492; 97 S Ct 711; 50 L Ed 2d 714 (1977), in a recent decision rejecting the focus only test relied on by defendants in the case at bar. *People v Martin,* 78 Mich App 518; 260 NW2d 869 (1977).

The ruling of the trial court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.