PEOPLE v HILL

Docket No. 87540. Submitted April 1, 1986, at Detroit. Decided June 3, 1986. Leave to appeal granted, 426 Mich 851.

Criminal charges were brought against M. L. Hill following a gas fraud investigation. Defendant moved to suppress the use of certain statements made by him to the police on the basis that he had not been given his *Miranda* warnings. The statements in question were made after the police investigation had focused on him but before he was in custody. The Recorder's Court of Detroit, Clarice Jobes, J., granted defendant's motion to suppress, holding that the "focus test" rather than the "custody test" was the proper test to apply to determine whether *Miranda* warnings should have been given. The prosecution appeals by leave granted. *Held:*

The "custody test" is the proper test to apply to determine whether *Miranda* warnings should have been given. Accordingly, the trial court erred in suppressing the use of defendant's statements on the basis of the "focus test."

Reversed and remanded.

CRIMINAL LAW — CONSTITUTIONAL LAW — *MIRANDA* WARNINGS — CUSTODY TEST — FOCUS TEST.

The proper test to determine whether *Miranda* warnings should have been given is the custody test, which is, whether there has been such a restriction on the suspect's freedom as to render him "in custody," rather than the focus test, which is whether the investigation has focused on the suspect.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, for the people.

REFERENCES

Am Jur 2d, Criminal Law §§ 791-797.

Am Jur 2d, Evidence §§ 555-557, 613, 614, 640, 644.

What constitutes "custodial interrogation" within rule of Miranda v Arizona requiring that suspect be informed of his federal constitutional rights before custodial interrogation. 31 ALR3d 565.

*Eric V. Smith,* for defendant.

Before: CYNAR, P.J., and WAHLS and E. E. BOR-
RADAILE,* JJ.

PER CURIAM. The people appeal by leave granted
from an order suppressing the use of certain state-
ments which had been made by defendant without
the benefit of *Miranda* warnings. The parties agree
that, when he made the statements, defendant was
not in custody but was the focus of a gas fraud
investigation. The people contend on appeal that it
is custody, and not "focus," that triggers the duty
to give *Miranda* warnings.

*Miranda v Arizona,* 384 US 436, 444; 86 S Ct
1602; 16 L Ed 2d 694 (1968), applies to "custodial
interrogation," of which the United States Su-
preme Court said,

> By custodial interrogation we mean questioning
> initiated by law enforcement officers after a person
> has been taken into custody or otherwise deprived
> of his freedom of action in any significant way.[4]

---

This is what we meant in *Escobedo v Illinois,* 378 US 478; 84
S Ct 1758; 12 L Ed 2d 977 (1964) when we spoke of an
investigation which had focused on an accused.

---

In *People v Reed,* 393 Mich 342; 224 NW2d 867
(1975), cert den 442 US 1044; 95 S Ct 2660; 45 L
Ed 2d 696 (1975), the Michigan Supreme Court
addressed the issue of whether the defendant was
in custody for *Miranda* purposes. The Court ob-
served that Professor Kamisar had suggested
guidelines for determining whether an investiga-
tion is custodial, one of which was whether the
accused had been the focus of the investigation.
*Reed, supra,* p 357 n 6. While Professor Kamisar

---

* Circuit judge, sitting on the Court of Appeals by assignment.

maintained that the controlling approach should be whether a person subject to such investigation would reasonably believe that his freedom was significantly impaired, the Supreme Court approved the "focus" test as stated by this Court in *People v Wasson,* 31 Mich App 638, 642; 188 NW2d 55 (1971):

> The deciding factor, in each case, is determined by examining the specificity of the investigation, *i.e.,* whether the investigation has focused on one suspect.

The Supreme Court added that this test was to be employed by examining the totality of the circumstances.

In *People v Ridley,* 396 Mich 603, 606 n 1; 242 NW2d 402 (1976), Justice COLEMAN, writing for a unanimous Court, followed *Reed* as the law under the doctrine of stare decisis but noted her personal disagreement with the "focus only" test. In *People v Brannan,* 406 Mich 104; 276 NW2d 14 (1979), the Supreme Court again followed *Reed.*

The difficulty in this case arises because the United States Supreme Court clearly rejected the "focus" test in *Beckwith v United States,* 425 US 341; 96 S Ct 1612; 48 L Ed 2d 1 (1976), and *Oregon v Mathiason,* 429 US 492; 97 S Ct 711; 50 L Ed 2d 714 (1977). See also *Berkemer v McCarty,* 468 US —; 104 S Ct 3138; 82 L Ed 2d 317 (1984). Since *Beckwith* and *Mathiason,* this Court has been divided over what standard to apply.

In *People v Martin,* 78 Mich App 518; 260 NW2d 869 (1977), and *People v Konke,* 83 Mich App 356; 268 NW2d 42 (1978), panels viewed the issue as solely one of federal law and followed *Beckwith* and *Mathiason.* However, in *People v Wallach,* 110 Mich App 37, 48-50; 312 NW2d 38 (1981), vacated

on other grounds 417 Mich 937 (1983), a panel of this Court decided that the Michigan Supreme Court's use of the focus test in *Brannan,* well after the United States Supreme Court had rejected the test, militated in favor of a conclusion that the focus test was a requirement of state constitutional law. The *Wallach* analysis was rejected in *People v Belanger,* 120 Mich App 752; 327 NW2d 554 (1982).

Other panels have addressed the issue without lengthy discussion. The panel in *People v Robinson,* 79 Mich App 145, 152-153; 261 NW2d 544 (1977), lv den 403 Mich 814 (1978), followed *Reed* but noted that it was unnecessary to decide the effect of *Beckwith.* In *People v Hangsleben,* 86 Mich App 718, 724-725; 273 NW2d 539 (1978), the panel found it unnecessary to resolve the controversy. *Martin, supra,* was followed in *People v Schram,* 98 Mich App 292, 306-307; 296 NW2d 840 (1980). *Reed, supra,* was followed in *People v Benjamin,* 101 Mich App 637, 647, n 2; 300 NW2d 661 (1980) (defendant was clearly in custody, though); *People v Snell,* 118 Mich App 750, 764; 325 NW2d 563 (1982) (any error, however, was harmless); *People v D'Avanzo,* 125 Mich App 129, 133; 336 NW2d 238 (1983) (defendant was an inmate and clearly in custody).[1]

In *Paramount Pictures Corp v Miskinis,* 418 Mich 708, 726; 344 NW2d 788 (1984), the Supreme Court stated,

> Having examined prior decisions of this Court, we find nothing which requires an interpretation of our constitutional privilege against self-incrimination different from that of the United States

---

[1] In *People v Marbury,* 151 Mich App 159; — NW2d — (1986), a decision released for publication after this opinion was drafted, two judges of this Court announced a change in their positions from the "focus" to the "custody" test.

Constitution. "The provision in each Constitution is the same." *In re Moser,* 138 Mich 302, 305; 101 NW 588 (1904).

While there is no indication that the Court considered the controversy presented in this case, its stated conclusion lends support to the decisions of this Court in *Martin, supra,* and *Belanger, supra.* We are persuaded to follow the United States Supreme Court's rejection of the focus test.[2]

Accordingly, we conclude that the trial court erred in suppressing the use of defendant's statements on the basis of the *Reed* focus test. We reverse and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

[2] Judge CYNAR, who signed the *Wallach, Benjamin* and *Snell* opinions, is now persuaded that the "custody test" is the proper test to be applied to determine whether *Miranda* warnings must be given.