STATE of Iowa, Plaintiff-Appellee,

v.

Paul Ray LAMPMAN, Defendant-Appellant.

No. 68394.

Court of Appeals of Iowa.

Aug. 30, 1982.

James P. Piazza, Des Moines, for defend-
ant-appellant.

Thomas J. Miller, Atty. Gen. and Marcia Mason, Asst. Atty. Gen., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, and SCHLEGEL, JJ.

SNELL, Judge.

Defendant, Paul Ray Lampman, and a co-defendant were charged with burglarizing a farmhouse in Jasper county, while armed with a firearm. The owner of the farmhouse, Lyle Meredith, after being alerted by a neighbor, came upon the men as they were leaving. The minutes of testimony stated that Meredith would testify that he observed the men "standing near the back door to his residence." However, at trial Meredith testified that he saw defendant "starting to come out of the house and shutting the door, the back door." Defendant did not immediately object to this testimony, but after a few more questions moved for a mistrial on ground of a material variance between the minutes and the testimony regarding the breaking element of burglary. The trial court denied the motion, ruling that the testimony was within the scope of the minutes.

Meredith further testified that when he confronted the men they told him they were house painters looking for a residence in the area. Meredith testified he observed what he believed to be a handgun in defendant's back pocket, but that he saw only the outline of what he believed to be a gun and never saw the actual firearm. Finally, Meredith testified he later discovered that a handgun was one of the items taken from his home.

The jury subsequently returned a verdict of guilty of first-degree burglary and a finding that defendant possessed a firearm during the commission of the offense. While the jury was deliberating, defendant learned that at various times during the trial and deliberations, the jurors were being provided coffee from the county attorney's office. Defendant then moved for a mistrial on the ground that providing coffee tainted the proceedings or at least had the appearance of impropriety. A jury poll indicated that some of the jurors made a voluntary donation for the coffee and some did not, but none of the jurors indicated that the deliberations were influenced by provision of the coffee. The trial court then denied defendant's motion, concluding that there was no intent on the part of the county attorney to influence the jurors and that none of them were in fact improperly influenced.

Defendant asserts on appeal that: (1) the legislature did not intend that the first-degree burglary element of possession of a dangerous weapon would encompass the situation in which the possessed weapon is the fruit of the burglary and, regardless, that the evidence at trial was not sufficient to prove defendant possessed a firearm at the time of the alleged burglary; (2) evidence received at trial through a witness's testimony should not have been admitted because it was not fully and fairly disclosed by the minutes of testimony, and the trial court erred by not granting mistrial for admission of the undisclosed and damaging evidence; (3) members of the jury obtained coffee in the office of the county attorney during the course of defendant's trial, giving the proceedings the appearance of impropriety and constituting reversible error.

We address defendant's contentions in reverse order. Our review of this case is on assigned error.

■■■ The trial court is given substantial discretion in determining the significance to the outcome of a case of misconduct by officers of the court, parties to the case, or members of the jury. *State v. Sharpe,* 304 N.W.2d 220, 226 (Iowa 1981), *State v. White,* 223 N.W.2d 173, 177 (Iowa 1974), *State v. Jackson,* 195 N.W.2d 687, 690 (Iowa 1972). A conviction should be reversed because of misconduct by officers of the court or parties to the case only if the misconduct probably influenced or prejudiced the jury against the defendant. *State v. Poffenbarger,* 247 Iowa 552, 556–57, 74 N.W.2d 585, 587 (1956). A court

should grant a new trial for jury misconduct only if it appears the misconduct was calculated to and probably did influence the verdict, independently of what jurors later might say. *State v. Feddersen,* 230 N.W.2d 510, 514 (Iowa 1975), *State v. Houston,* 209 N.W.2d 42, 45 (Iowa 1973), *State v. Little,* 164 N.W.2d 81, 82–83 (Iowa 1969). In the instant case, defendant was given an opportunity to prove actual bias on the part of a juror in a hearing before the court, which is the appropriate remedy for allegations of juror partiality. *Smith v. Phillips,* 455 U.S. 209, 215, 102 S.Ct. 940, 946, 71 L.Ed.2d 78, 85 (1982). We feel that the evidence presented was sufficient to allow the court to conclude the obtaining of coffee from the county attorney's office did not influence the jury's decision, independently of the jurors' statements that it did not influence them. A court cannot presume a jury disregarded its duties without evidence in support of such a conclusion. *State v. White,* 223 N.W.2d 173, 177 (Iowa 1974). Unless abuse of discretion appears, which it does not in this case, an appellate court will not ordinarily disturb the ruling on a motion for new trial based on a misconduct ground. *State v. Poffenbarger,* 247 Iowa at 556–57, 74 N.W.2d at 587.

Although no actual prejudice was shown, a court must always be concerned that all trials maintain an appearance of propriety. Conduct which would give rise to doubt or disrespect or which would not meet public approval should be condemned. *Daniels v. Bloomquist,* 258 Iowa 301, 307, 138 N.W.2d 868, 872 (1965). However, due process does not require a new trial every time a juror has been placed in a potentially compromising situation. *Smith v. Phillips,* 455 U.S. at 217, 102 S.Ct. at 946, 71 L.Ed.2d at 86 (1982). The Iowa Supreme Court has considered a case with a fact situation similar to the present case. In *State v. Carey,* 165 N.W.2d 27 (Iowa 1969), the bailiff set up a coffee service in the jury room, on which was placed a typewritten sign which stated, "coffee will be furnished in the jury room by the county clerk and the county attorney." In *Carey,* the coffee was available to anyone in the courthouse, and the sign was placed on the coffee service without the knowledge or consent of the county attorney. *Id.* at 28. The court declined to decide whether that indiscretion alone was so grievous as to warrant a new trial. However, when it was combined with other borderline reversible errors, the cumulative effect was sufficient to reverse the lower court's decision. *Id.* at 29. In the instant case, donations for the coffee were accepted and there is no indication that the jurors saw or heard anything related to the case while in the county attorney's office. The error seems less improper than that in the *Carey* case. Accordingly, we admonish the county attorney's office to be more circumspect in future as to those persons allowed to obtain coffee from the communal pot, but we do not view that indiscretion alone as sufficient to require a reversal.

The second issue raised by defendant regards the adequacy of the minutes of testimony to apprise him of the testimony which was actually given in the case. In *State v. Epps,* 313 N.W.2d 553, (Iowa 1981), the Iowa Supreme Court emphasized the "expected" language of Rule 5(3) of the Iowa rules of Criminal Procedure. In the case at bar, the prosecution listed Meredith as a witness and stated he would testify he saw the men "standing there at the back door to his residence." Not until the morning he testified did the witness tell the county attorney he saw someone exiting the house. This testimony was not "expected" within the requirements of Iowa R.Crim.P. 5(3). Furthermore, the minutes alerted defendant "generally to the source and nature of the evidence against him." *See State v. Walker,* 281 N.W.2d 612, 614 (Iowa 1979). Moreover, the testimony easily could have been discovered by taking the witness's deposition, which was twice scheduled and twice canceled by defendant. We find this alleged error without merit.

Defendant's remaining allegation concerns the element of possession of a dangerous weapon for conviction for first-degree burglary. The standard of re-

view in challenging the sufficiency of the evidence is well established, *State v. Robinson,* 288 N.W.2d 337, 339 (Iowa 1980). We will uphold a verdict if there is "substantial evidence in the record tending to support the charge." *State v. Aldape,* 307 N.W.2d 32, 39 (Iowa 1981). The credibility of the witnesses and the weight to be given their testimony is a function of the fact-finder. *State v. Robinson,* 288 N.W.2d at 341. A witness may state a fact known to him or what he observed. *Marr v. Olson,* 241 Iowa 203, 209, 40 N.W.2d 475, 479 (1950). Here, the witness testified as to the size and shape of the bulge he saw under defendant's clothing and as to the size and shape of his own gun. Any witness may testify as to the appearance of an object observed. *See Hill v. State,* 267 Ind. 480, 488, 371 N.E.2d 1303, 1307 (1978), *Baker v. State,* 260 Ind. 618, 623, 298 N.E.2d 445, 449 (1973). But in the case at bar, the witness did not see the object he testified he knew was there. Opinion evidence should only be admitted when the subject is sufficiently complex so as to be susceptible to opinion evidence and the witness is properly qualified to give his opinion. *See State v. Petko,* 177 Mont. 229, 237, 581 P.2d 425, 430 (1978). Opinion testimony is not admissible when the facts are of such a nature that ordinary people can understand them and draw the correct inferences therefrom. *See Matthews v. State,* 276 A.2d 265, 267 (Del.1971). The conclusion stated by the witness that defendant had the witness's gun in his back pocket was supposition. Defendant's counsel correctly objected to the opinion nature of the testimony; the court should have sustained the objection.

■ Everything else on the record is insufficient to demonstrate that defendant was in possession of a weapon. The record does not even show that any gun was later discovered among defendant's belongings or that Meredith's handgun was recovered.

We hold the evidence is insufficient as a matter of law that defendant possessed a dangerous weapon while perpetrating a burglary. Inherent in the jury's verdict of guilty of first-degree burglary is the jury's finding of second-degree burglary, *i.e.,* the elements for second-degree burglary as set out in Instruction 8 are included in the elements for first-degree burglary, as explained in Instruction 9. No error has been found in this case except for insufficiency of the evidence to prove the single element which elevates second-degree burglary to burglary in the first degree. Therefore, this case is remanded to the trial court with instructions to enter an amended judgment of guilty of the lesser included offense of burglary in the second degree. *See State v. Liles,* 11 Wash.App. 166, 172–73, 521 P.2d 973, 977 (1974); 5 Am.Jur.2d *Appeal and Error* § 938 (1962 & Supp.1983).

The conviction for burglary is affirmed; the finding that defendant was in possession of a dangerous weapon is reversed and remanded for proceedings in accordance with this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

HAYDEN, J., takes no part.