STATE of Iowa, Plaintiff-Appellee,

v.

Burl Grant HALL, Defendant-Appellant.

No. 84–790.

Court of Appeals of Iowa.

April 30, 1985.

Charles Harrington, Chief Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for plaintiff-appellee.

Considered by SNELL, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Defendant appeals his conviction of burglary in the second degree in violation of Iowa Code sections 713.1 and 713.5 (1983), and as an habitual offender in violation of Iowa Code section 902.8 (1983). Defendant claims that the evidence was insufficient to support a verdict of guilty, and also claims that there was insufficient evidence to submit to the jury the State's theory of aiding and abetting. We affirm.

Certain antiques, which were to be sold as a part of an auction of personal property of Mr. Peterson, recently deceased, were found to be missing from the house where the property was located. The items had been in the house as of five to six p.m. on September 7, 1983. They were determined to be missing the next evening by the auctioneer who had been involved in preparing certain property for auction. He placed the disappearance of the property between five o'clock September 7 and five o'clock September 8, 1983. Upon his discovery of the missing property, he looked around for a place of entry into the house and discovered a broken window in the basement. The broken window produced an opening approximately ten inches in diameter, or ten inches by ten inches, through which it

was stated a slim man or woman might be able to enter the basement. There was no testimony that could establish, with certainty, when the window had been broken. There was no other evidence of surreptitious entry offered at the trial.

On September 9, 1983, defendant and an unidentified female sold certain antique items to Lawrence Murphy, an antique dealer in Colo, Iowa. The items, a clock and two pieces of glassware, for which Murphy gave defendant a $100 check, were shown to be items that were missing from the decedent's house. That same afternoon defendant presented the check written by Mr. Murphy to Joyce Buck, a loan officer at Central State Bank, State Center, Iowa, for cash. She observed the vehicle in which Hall arrived at the bank, and testified that it was the same car she had observed driving past the Peterson home on September 7. She observed that there appeared to be a man and a woman in the car as it went by the house twice, but that she could not see who the occupants were.

Ms. Buck knew Hall, and knew that his mother had an account in the bank. She engaged him in conversation about the source of the check, and Hall advised her that he had been out of work so that he was selling some antiques that had been in the family for a long time.

Defendant moved for a directed verdict of acquittal at the close of the State's evidence on the grounds that there was insufficient evidence to submit the case to the jury. He renewed that motion at the close of all the evidence, and objected to the giving of certain instructions, including the instruction that allowed the jury to consider defendant as an aider and abettor. Judgment and sentence were pronounced by the court and this appeal ensued.

I. The standard of review in a case involving a challenge to the sufficiency of the evidence is stated as follows:

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the State, including all legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. It is necessary to consider all of the evidence and not just the evidence supporting the verdict. A jury verdict is binding upon this court and will be upheld unless the record lacks substantial evidence to support the charge. Substantial evidence means evidence which would convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt.

*State v. Blair*, 347 N.W.2d 416, 419 (Iowa 1984) (citations omitted). In such an analysis, direct and circumstantial evidence are equally probative. Iowa R.App.P. 14(f)(16).

II. Defendant's conviction of the crime of burglary in the second degree cannot be upheld in this case unless the jury is permitted, by reason of defendant's possession of recently stolen property, to draw an inference that defendant was guilty of the burglary during which the property was stolen. The trial court gave the following instruction on that issue:

If you find that the State has proven beyond a reasonable doubt each and all of the following facts, then you may, but are not required to, infer that the defendant broke the Raymond Peterson residence:

(a) That the property claimed to have been stolen from the Raymond Peterson was, in fact, stolen at the time such residence was broken.

(b) That the defendant had unexplained possession of that property.

(c) That defendant's possession of that property was recent.

What is recent possession of property cannot be precisely determined. The nature of the property, its ease of transfer and all other facts and circumstances shown are to be considered as bearing on whether the interval between the time of the alleged burglary and the defendant's alleged possession was so short as to render it reasonably certain that there could have been no intermediate change of possession.

It is important that you keep in mind that it is your exclusive province as jurors to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits you to draw from possession of recently stolen property, and you are not required to make this inference. If any possession a defendant may have had of recently stolen property is consistent with innocence, or if you entertain reasonable doubt of guilt, then you must acquit the defendant.

An almost identical instruction was given by the trial court in the case of *State v. Lewis*, 242 N.W.2d 711, 723 (Iowa 1976). In that case, the Supreme Court held:

In our opinion bare proof of possession of property recently stolen does not permit, as a matter of law, the rational juror to conclude beyond a reasonable doubt the possessor committed the break in since possession alone could well support an inference of guilt for other crimes besides burglary. Consequently, where a party in possession of recently stolen property is charged with burglary there must be evidence in the record relating to the surrounding circumstances for the jury to consider in determining whether the evidence warrants a finding beyond a reasonable doubt of the presumed fact defendant committed the breaking and entering from the proved fact he possessed recently stolen property.

*Id.* The court in *Lewis* commented that "[b]ecause the evidence will of necessity be circumstantial it must therefore '... be entirely consistent with defendant's guilt and wholly inconsistent with any rational hypothesis of defendant's innocence....'" *Id.* (citation omitted). While it is true that the evidence concerning the surrounding circumstances will undoubtedly be circumstantial, the court's statement concerning the special treatment of such evidence is no longer true. Direct and circumstantial evidence are equally probative. Iowa R.App.P. 14(f)(16).

The court in *Lewis* further stated:

It is evident each case will be considered in the light of its own peculiar factual setting in making the determination whether the standard of reasonable doubt entailed in the very concept of due process has been satisfied. Thus, the question is whether the facts of this case, viewed in the light most favorable to the verdict, could convince a rational juror beyond a reasonable doubt defendant was guilty of breaking and entering.

*Id.*

In *Lewis*, the Iowa Supreme Court addressed the bearing that evidence of possession of recently stolen property should have upon an inference that defendant committed a burglary. The court examined cases from the various states, and fully explored what the concurring justices characterized as "[t]wo lines of respectable authority." *Id.* at 725 (LeGrand, J., concurring). Among those cases referred to by the court was the Michigan case of *People v. Hutton*, 50 Mich.App. 351, 213 N.W.2d 320 (1973). The holding in *Lewis* follows the reasoning of *Hutton* quite closely. *Hutton* reveals that the Michigan court "is committed to the doctrine that the possession of stolen property, standing alone, is not even *prima facie* evidence that the person in whose possession it was found committed the burglary." *Id.* at 357, 213 N.W.2d at 323. As stated by the court in *Lewis*, "the conviction for burglary in *Hutton* was upheld due to defendant's false story, the possession's close proximity to the time of the break in, and defendant's evasive action." 242 N.W.2d at 722. In *Lewis*, as in this case, there was no direct evidence linking *Lewis* to commission of the burglary. The holding in *Lewis*, therefore, allows an inference of burglary to arise from possession of recently stolen property when surrounding circumstances are also considered. *See id.* at 723–24.

■ The instruction of the trial court informed the jury that considering the facts and circumstances shown by the evidence, it might, but need not, warrant an inference that defendant broke into the Pe-

terson residence. Considering the circumstances shown by the evidence, we believe the instruction was proper, and that there was sufficient evidence to submit that issue to the jury.

■ The evidence was sufficient to show that the property sold by the defendant and the unidentified female was stolen. The evidence showed that defendant falsely claimed the property had belonged to his grandmother, which could be considered by the jury to negate any claim defendant might make that he obtained the property rightfully. The automobile defendant used to go to the bank could be found by the jury to have been the same car that drove by the location of the burglary twice during the period when the burglary took place. Finally, the jury could properly consider the relatively short period of time between the burglary and the sale of the property to the antique dealer as bearing upon the defendant's complicity in the burglary. Coupled with the evidence of a forced entry into the house, which would be a reasonable finding by a rational juror, it is apparent that the evidence of the circumstances surrounding defendant's possession of the recently stolen property, though circumstantial, is sufficient to permit the jury to infer that the defendant broke into the Peterson residence.

■ III. Defendant also claims the court erred in instructing the jury that it could consider defendant's role as an aider and abettor. As the discussion above indicates, defendant was involved in circumstances surrounding his possession of recently stolen property such as to give rise to an inference that he participated in the burglary. Those circumstances are also sufficient to support an inference that he participated in the burglary as an aider or abettor. *See State v. Miles*, 346 N.W.2d 517, 520 (Iowa 1984) (requisite participation for aiding and abetting can be inferred from circumstantial evidence).

AFFIRMED.