STATE of Iowa, Appellee,

v.

Jack D. JOHNSON, Appellant.

No. 90–573.

Court of Appeals of Iowa.

May 29, 1991.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Sarah J. Coats, Asst. Atty. Gen., Mary E. Richards, County Atty., and Dennis W. Parmenter, Asst. County Atty., for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Jack Johnson and Dennis Hobbs went for a ride in Johnson's green Ford pickup. Both men had been drinking.

The green Ford pickup collided with another vehicle, causing serious injury to the other driver. By the time officers arrived at the scene, both Johnson and Hobbs were outside the green Ford pickup. Johnson and Hobbs each denied that he had been driving the pickup at the time of the accident.

Officers concluded that Johnson had been driving the truck. He was therefore charged with several traffic offenses. A jury found him guilty of operating while intoxicated (second offense), failure to stop, and two counts of driving under suspension. Johnson has appealed from the resulting convictions.

Johnson challenges the sufficiency of the evidence to establish that he, rather than Hobbs, was driving the pickup at the time of the accident.

Johnson also contends the district court erred by admitting evidence that shortly after the accident he told his treating physician he had been the driver of the pickup. Johnson argues the use of this evidence violated his physician-patient privilege under Iowa Code section 622.10.

Finally, Johnson contends the sentencing court abused its discretion by ordering him to pay $75,000 in restitution to the other driver involved in the accident. Johnson contends this restitution figure included items of damage not caused by the accident and items of damage covered by insurance. The State agrees the case should be remanded for a hearing on the restitutionary issue.

Our review is for errors of law. Iowa R.App.P. 4.

## I. Sufficiency of the Evidence

Our scope of review is on assigned error only. Iowa R.App.P. 4. The standard of review in challenging the sufficiency of the evidence is well established. *State v. Lampman*, 342 N.W.2d 77, 81 (Iowa App. 1983). We will uphold a verdict where there is substantial evidence in the record tending to support the charge. *State v. Aldape*, 307 N.W.2d 32, 39 (Iowa 1981).

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, including legitimate inferences and presumptions that fairly and reasonably may be deduced from the evidence in the record. *State v. Hall*, 371 N.W.2d 187, 188 (Iowa App.1985); *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). Direct and circumstantial evidence are equally probative so long as the evidence raises "a fair inference of guilt and [does] more than create speculation, suspicion, or conjecture." *State v. Hamilton*, 309 N.W.2d 471, 479 (Iowa 1981). It is necessary to consider all the evidence in the record, and not just the evidence supporting the verdict, to determine whether there is substantial evidence to support the charge. *Hall*, 371 N.W.2d at 188; *Bass*, 349 N.W.2d at 500. Substantial evidence means evidence which would convince a rational fact finder the defendant is guilty beyond a reasonable doubt. *Hall*, 371 N.W.2d at 188; *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984).

Viewed in the light most favorable to the State, we determine there is substantial evidence to support the verdict in this case. We affirm the trial court on this issue.

## II. Physician/Patient Privilege

Johnson next complains his physician/patient privilege was violated. The doctor in the emergency room immediately after the accident asked Johnson if he was

driving the vehicle involved in the accident. Johnson answered in the affirmative.

At the time of the communication, Johnson thought only he, Hobbs, and the doctor were present. The doctor had previously cleared the police and other non-medical personnel from the emergency room. However, unbeknownst to Johnson, a lay person, apparently Hobbs' sister, was present in Hobbs' cubicle. A curtain or partition separated Hobbs from Johnson, so Johnson did not see the lay witness. This was the person who testified to the conversation at trial.

The Iowa statute pertaining to the physician/patient privilege provides in pertinent part:

A practicing ... physician who obtains information by reason of the person's employment ... shall not be allowed, in giving testimony, to disclose any confidential information properly entrusted to the person *in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office, according to the usual course of practice or discipline.*

Iowa Code § 622.10 (emphasis added).

■ This privilege is an evidentiary rule, not a substantive right. *Roosevelt Hotel LTD. Partnership*, 394 N.W.2d 353, 355 (Iowa 1986). The section allowing the privilege is to be construed liberally, "in accordance with its purpose to make consultation between a patient and physician entirely confidential and free from disclosure in a legal proceeding." *Id.* The Iowa Supreme Court has summarized the elements required to show the existence of the physician/patient privilege:

Three elements must exist for the physician-patient privilege to arise under § 622.10: (1) the relationship of doctor-patient; (2) information acquired during this relationship; and (3) the necessity and propriety of the information to enable the doctor to treat the patient skillfully in his professional capacity.

*State v. Nowlin*, 244 N.W.2d 596, 602 (Iowa 1976).

In our review, we fail to see how Johnson's admission he was driving the car had any bearing upon the emergency doctor's medical treatment of his wounds. Nor has Johnson pointed out to us how the admission was necessary for medical treatment to properly proceed. Although the privilege statute is to be liberally construed, we cannot "extend the statute to cover cases in which one of the elements—[the necessity of the information to enable the doctor to treat the patient skillfully in his professional capacity]—is lacking." *State v. Tornquist*, 254 Iowa 1135, 1154, 120 N.W.2d 483, 494 (1963).

We determine the communication at issue here did not come within the ambit of the physician/patient privilege, as it was not information necessary for the medical treatment of Johnson. We affirm the trial court on this issue.

### III. *Restitution*

■ Johnson complains the trial court abused its discretion in ordering him to pay restitution to the other driver of $75,000. The State concedes the trial court erred in making its ruling. No causal connection was established between the conduct for which Johnson was convicted and all the damages claimed by the other driver. *See* Iowa Code § 910; *State v. Starkey*, 437 N.W.2d 573, 574 (Iowa 1989). The State concedes a remand is necessary to enable the trial court to conduct a hearing on the issue of restitutionary damages according to section 910. *See State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989).

We determine the trial court erred in its finding of $75,000 damages without first establishing the causal connection, and if necessary, whether insurance had been paid. The trial court should have followed the dictates of chapter 910 in making its judgment on this issue.

We vacate the trial court's judgment of restitutionary damages. We remand this case to the trial court for a hearing and determination on restitutionary damages in accordance with Iowa Code chapter 910.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTION.