**STATE of Iowa, Appellee,**

v.

**John David JOHNSON, Appellant.**

No. 90–1648.

Court of Appeals of Iowa.

Dec. 31, 1991.

Gary D. McKenrick of Gomez, May, McKenrick & Kelly, Davenport, for appellant.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., William E. Davis, County Atty., and James D. Hoffman, Asst. County Atty., for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

HABHAB, Judge.

John David Johnson was accused of sexual contact with a young girl on multiple occasions in 1987 and 1988. The girl was thirteen or fourteen years old at the time of the alleged offenses.

Johnson was charged with three counts of sexual abuse in the third degree. A jury found him guilty of all three charges. The district court then sentenced him to three consecutive prison terms, each for up to ten years.

Johnson has appealed from his convictions and sentences.

We review for errors of law. Iowa R.App.P. 4. We address the issues in the order presented.

## I. *Jury Instructions.*

Johnson contends the district court erred by refusing to give his requested instruction on witness credibility. The district court did give a uniform instruction on witness credibility, but Johnson argues it was insufficient to address the specific facts of this case. He claims certain circumstances surrounding the elicitation of the accusations from the young girl mandate an additional jury instruction on the issue of witness credibility. We set out the pertinent scenario as gleaned from testimony at Johnson's trial.

The offenses did not surface until March 1990. At that time the girl's mother and stepfather confronted her about unrelated sexual activity. Their interrogation of the girl lasted for several hours one night and several hours the next morning.

The young girl had inadequate sleep between the two sessions. During the interrogation the stepfather struck the girl in the nose and whipped her a dozen lashes or more with a leather whip. At the end of the morning interrogation, the girl responded affirmatively to the stepfather's suggestion that she had "lost her virginity" to John David Johnson. The police were subsequently notified.

Johnson argues the uniform credibility instruction should have been augmented by an additional paragraph. That paragraph states, in assessing credibility, the jury could consider "whether a witness' statements followed imposition of physical punishment, including deprivation of sleep or food, or have been obtained through other forms of coercion."

Jury instructions are designed to explain the applicable law to the jurors so the law may be applied to the facts proven at trial. *State v. Freeman*, 267 N.W.2d 69, 71 (Iowa 1978). The trial court has a duty to ensure that the jury understands the law it must apply. *Sanders v. Ghrist*, 421 N.W.2d 520, 522 (Iowa 1988). In evaluating this, we must read all of the instructions together, not piecemeal or in artificial isolation. *Id.; Clinton Land Co. v. M/S Assocs., Inc.*, 340 N.W.2d 232, 234 (Iowa 1983). We must reverse and order a new

trial if the instructions as a whole are insufficient to convey the applicable law. *Sanders*, 421 N.W.2d at 522 (citing *Adam v. T.I.P. Rural Elec. Co-op*, 271 N.W.2d 896, 900–01 (Iowa 1978)).

We have compared the given instruction with that requested by Johnson. We find there is little difference between the two. We determine the trial court adequately instructed the jury on the pertinent issues. It did not abuse its discretion in not giving the exact instruction requested by Johnson. We affirm the trial court on this issue.

## II. *Sufficiency of the Evidence.*

Johnson next complains the evidence was insufficient to support his conviction. The standard of review in challenging the sufficiency of the evidence is well established. *State v. Lampman*, 342 N.W.2d 77, 81 (Iowa App.1983). We will uphold a verdict where there is substantial evidence in the record tending to support the charge. *State v. Aldape*, 307 N.W.2d 32, 39 (Iowa 1981).

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the state, including legitimate inferences and presumptions that fairly and reasonably may be deduced from the evidence in the record. *State v. Hall*, 371 N.W.2d 187, 188 (Iowa App.1985); *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). Direct and circumstantial evidence are equally probative so long as the evidence raises "a fair inference of guilt and [does] more than create speculation, suspicion, or conjecture." *State v. Hamilton*, 309 N.W.2d 471, 479 (Iowa 1981). It is necessary to consider all the evidence in the record, and not just the evidence supporting the verdict, to determine whether there is substantial evidence to support the charge. *Hall*, 371 N.W.2d at 188; *Bass*, 349 N.W.2d at 500. Substantial evidence means evidence which would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Hall*, 371 N.W.2d at 188; *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984).

We determine substantial evidence supports the jury's verdicts in this case. Johnson's argument is really premised on the fact B.D. was beaten by her stepfather to coerce her to confess to the sexual abuse. The essence of his argument here is such a coerced confession should not be allowed into evidence.

Johnson's argument in this case goes more to witness credibility. This is an issue for the jury, and not for this court on appeal, to decide. The jury had before it all of the circumstances surrounding the testimony of the victim.

This is not a case of a governmental actor, such as the police, coercing a confession. Indeed, B.D.'s testimony is not even a confession. While we do not approve of the disciplinary tactics of B.D.'s stepfather, we believe the jury was in the best position to weigh the credibility of the testimony and consider any relevant surrounding circumstances in reaching its verdict.

We determine substantial evidence supports the jury's verdicts. We affirm the trial court on this issue.

## III. *Sentencing.*

Finally, Johnson challenges the imposition of sentence on several grounds.

Johnson first contends the district court erred by concluding it had no discretion to suspend the sentences because his crimes were forcible felonies. At the time the crimes were committed, former Iowa Code section 702.11 (1987) defined "forcible felony" to include any sexual abuse. The statute has since been amended to exclude the form of third-degree sexual abuse charged here. Johnson argues the amended statute should govern. The State responds that the issue is governed by the 1987 statute in effect at the time of the crimes.

Johnson also contends the sentencing court abused its discretion by considering improper material. The allegedly improper material included an unproven allegation that Johnson had sexually abused one of his own children, a psychological report which was allegedly obtained in violation of confidentiality laws, and a statement by the court concerning the poor rehabilitation

chances for a pedophiles over the age of forty.

Johnson argues the trial court abused its discretion in imposing consecutive sentences.

The Iowa Supreme Court has stated:

An abuse [of discretion in sentencing] will not be found unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable.

\* \* \* \* \* \*

When discretion has been accorded and exercised it is subject to a limited appellate review. We affirm unless discretion has been abused.... The decisions of the trial court are cloaked with a strong presumption in their favor, and until the contrary appears, the presumption is that the discretion of the trial court was rightly exercised.... To overcome this presumption of regularity requires an affirmative showing of abuse and the burden of so showing rests upon the party complaining.

This burden is heavy, indeed, for it can only be sustained by showing abuse *and* prejudice.

*State v. Pappas*, 337 N.W.2d 490, 493–94 (Iowa 1983) (citations omitted; emphasis in original).

We dismiss Johnson's contention these offenses should not be considered forcible felonies. "A statute is presumed to be prospective in its operation unless expressly made retrospective." Iowa Code § 4.5 (1991). At the time of their commission, the crimes for which Johnson was convicted were defined as forcible felonies. Iowa Code § 702.11 (1987). These provisions would govern in this case, unless the later amendment is expressly made retrospective. We affirm the trial court on this issue.

We likewise dismiss Johnson's contention the trial court considered improper material in sentencing. The trial court expressly ruled it did not consider material Johnson alleges was privileged. The trial court also ruled subsequent to the sentencing hearing that it did not consider prior uncharged acts in its sentencing. We find this ruling adequate. We determine the trial court did not abuse its discretion in what is considered in sentencing and affirm on this issue.

Finally, we determine the trial court was within its considerable discretion in imposing consecutive sentences. As we find no abuse of discretion, we affirm the trial court on this issue.

We affirm the trial court on all issues.

AFFIRMED.

SCHLEGEL, J., concurs.

OXBERGER, C.J., specially concurs.

OXBERGER, Chief Judge (specially concurring).

I concur in the result only.