STATE of Iowa, Appellee,

v.

Thomas Edward OLSEN, Appellant.

No. 91–291.

Court of Appeals of Iowa.

Jan. 29, 1992.

Jeffrey L.L. Stein of Stein Law Office, Marshalltown, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Brent D. Heeren,

Tama County Atty., and Richard Vander Mey, Asst. County Atty., for appellee.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

DONIELSON, Presiding Judge.

Thomas Edward Olsen was charged and convicted, along with codefendant Darrell Dean Sholley, of burglary in the first degree and possession of firearms as a felon. Codefendant Sholley had been suspected of perpetrating several burglaries in rural areas of central Iowa during the summer and early fall of 1990. Marshalltown police detectives and the Marshall County Sheriff's Department engaged in a joint surveillance operation on October 2, 1990, in the hopes of catching Sholley in the act of perpetrating another burglary.

During the early morning of October 2, Sholley picked up Olsen in a vehicle, and the two drove east out of Marshalltown into rural Marshall County. Four surveillance team vehicles followed. At approximately 1:15 p.m., Sholley's vehicle crossed into Tama County. Marshall County Sheriff Ted Kamatchus contacted Tama County Sheriff Mike Richardson by radio to let Richardson know that Marshall County officers were in Tama County. Although Sheriff Richardson did not specifically ask for assistance, he dispatched Tama County Deputy Dave Ruopp to assist the Marshall County officers.

A surveillance aircraft spotted the Sholley vehicle on a gravel road near the Martins' rural Tama County residence. After approximately an hour, the Sholley vehicle left the area. Part of the surveillance team went to the Martin residence and discovered that a break-in had taken place. The officers observed a bullet hole through a window. They also found loaded weapons, including a high-powered rifle with a spotting scope positioned in such a way that if someone would have approached the house the weapon would have been easily accessible.

The officers at the crime scene contacted the remainder of the surveillance team who pursued Sholley's vehicle. During the pursuit, a stolen handgun was thrown out of the car window into a ditch. The pistol had jammed after being fired once. When, the officers finally apprehended Olsen and Sholley, Mr. Martin's loaded shotgun was found in the car, and Olsen had a stolen Mexican coin in his pocket. Olsen admitted to stealing the coin from the Martin home.

Both defendants were charged with first-degree burglary and possession of firearms by a felon. They were charged under the theory of joint criminal conduct pursuant to Iowa Code section 703.2 (1989). Prior to trial, Olsen moved to sever his trial from that of defendant Sholley. Sholley's defense was premised on his assertion that he did not know that a burglary had been planned and he did not participate in the burglary; he blamed defendant Olsen. Olsen admitted planning and executing the burglary, but claimed no weapons were used. In denying Olsen's motion to sever, the trial court believed that the defendants' defenses were not mutually exclusive.

The trial court also denied Olsen's motion to adjudicate law points in which Olsen maintained the taking of the two guns from the Martin home did not constitute possession of a dangerous weapon while perpetrating a burglary. The district court found that Olsen's behavior, as alleged in the minutes, was supported by statute as being first-degree burglary.

Because the crime and arrest occurred in Tama County, Olsen moved to suppress all evidence gathered by the Marshall County Sheriff's Office and the Marshalltown Police Department. He urged that the Marshall County law enforcement officers lacked jurisdiction once they crossed the county line. The district court found Olsen's arguments to be meritless given the agreement between the counties to assist one another in law enforcement.

The matter went to trial, and the jury convicted Olsen of first-degree burglary and possession of firearms by a felon. The district court denied defendant's post-trial motions, and Olsen was sentenced to a term of incarceration not to exceed twenty-five years on the charge of burglary and a consecutive term not to exceed five years

on the charge of possession of firearms as a felon. Because the crime was a forcible felony, the court further ordered that Olsen is not eligible for parole until he has served a minimum five-year sentence. Olsen appeals.

Our scope of review is on assigned error only. Iowa R.App.P. 4. We affirm.

### I. *Motion To Sever Trials.*

■ We first address Olsen's argument that the trial court erred in denying his motion to sever his trial from that of his codefendant. On our review of this issue, we look for an abuse of discretion. *State v. Brown*, 397 N.W.2d 689, 695 (Iowa 1986).

Generally, defendants who are indicted together should be tried together. Iowa R.Crim.P. 6(1); 10(2)(e); *State v. Sauls*, 356 N.W.2d 516, 517 (Iowa 1984); *State v. Belieu*, 288 N.W.2d 895, 897 (Iowa 1980). However, Iowa Rule of Criminal Procedure 6(4)(b) provides:

> When an indictment or information jointly charges two or more defendants, those defendants may be tried jointly if in the discretion of the court a joint trial will not result in prejudice to one or more of the parties. Otherwise, defendants shall be tried separately. When jointly tried, defendants shall be adjudged separately on each count.

■ Prejudice in the context of joint trial requires more than a showing that the codefendants' defenses would be antagonistic to one another. *State v. Clark*, 464 N.W.2d 861, 865 (Iowa 1991). Severance is mandated only when the defenses "conflict to the point of being irreconcilable and mutually exclusive." *State v. Brown*, 397 N.W.2d 689, 696 (Iowa 1986) (citing *State v. Snodgrass*, 346 N.W.2d 472, 475 (Iowa 1984)). In *State v. Snodgrass*, the Iowa Supreme Court stated:

> It is well established ... that the mere presence of conflict, antagonism or hostility among defendants or the desire of one to exculpate himself by inculpating another are insufficient grounds to require separate trials.

346 N.W.2d at 475–76 (citing authority). The requisite levels of conflict and antagonism exist when "the jury, in order to believe the core testimony offered by [one] defendant, must necessarily disbelieve the testimony offered on behalf of [the] codefendant." *Id.* at 696 (quoting *United States v. Berkowitz*, 662 F.2d 1127, 1134 (5th Cir.1981)).

We do not believe the trial court abused its discretion in denying Olsen's motion to sever. While the two defendants' accounts were different, we do not believe the difference mandated severance.

### II. *Motion for Adjudication of Law Points.*

■ We next address Olsen's argument that the trial court erred in denying his motion for adjudication of law points. The court found that the charge of first-degree burglary was supported by the minutes of testimony and Iowa Code section 713.3 (1989). Our standard of review on this issue is for the correction of errors at law. Iowa R.App.P. 4.

A burglary becomes burglary in the first degree if "while perpetrating a burglary, the person has in the person's possession ... a dangerous weapon...." Iowa Code § 713.3 (1989). The question in this case is the meaning of the phrase "while perpetrating a burglary."

Olsen contends that because he was not alleged to be armed when he entered the residence, he did not possess a weapon "while perpetrating the burglary." He claims his case is "analogous to a burglary at an armament company, with a defendant running away with a sack of rifles." Without conceding any merit to Olsen's analogy, the State argues that the weapons in the instant case were more than mere "loot" from the burglary. The handgun and shotgun had both been loaded in the Martin home during the burglary, and the handgun had been fired once, through a window, during the burglary.

In *State v. Franklin*, the supreme court held "[m]atters that occur *after entry* are of moment in elevating a burglary to first-degree: physical injury [or] *possession of a weapon at any point* while participating in

the burglary." 368 N.W.2d 716, 719–20 (Iowa 1985) (emphasis added). While Olsen attempts to distinguish *Franklin,* we believe it to be controlling in this context as well. We affirm the trial court's denial of Olsen's motion to adjudicate law points.

### III. *Evidentiary Suppression Motion.*

A. Jurisdiction of Law Enforcement Officers. We next turn to Olsen's contention that the trial court erred in overruling Olsen's evidentiary suppression motion. Olsen argues that certain evidence should have been suppressed because it was discovered by law enforcement officials who had exceeded their jurisdiction. Olsen contends the Marshall County and Marshalltown officers entered Tama County and arrested him there without being asked to do so by the Tama County Sheriff. As such, Olsen argues, any evidence the officers gathered should have been held inadmissible.

Olsen has cited no authority supporting the suppression of evidence based on the allegedly improper acts of the Marshall County officers. We, therefore, consider this argument waived. Iowa R.App.P. 14(a)(3).

■ B. Rules 401, 403, 601, and 602. Olsen next argues the trial court erred in overruling his motion to suppress certain evidence on the bases that the evidence violated Iowa Rules of Evidence 401, 403, 601, and 602. We find Olsen's arguments wholly unpersuasive. On review from the trial court's ruling on this evidentiary issue, we look for an abuse of discretion. *State v. Halstead,* 362 N.W.2d 504, 506 (Iowa 1985). In order to show an abuse of discretion, one generally must show that the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell,* 238 N.W.2d 131, 138 (Iowa 1976).

■ Olsen argues testimony indicating the magnitude of the surveillance effort on the part of the law enforcement officers should have been suppressed because its probative value was substantially outweighed by its unfairly prejudicial effect.

Olsen also argues that the testimony of several witnesses should have been suppressed on the same grounds and on the ground that the witnesses were not competent. We are unable to find an abuse of the trial court's discretion in its rulings on these issues.

### IV. *Motion for Verdict of Acquittal and Motion for New Trial.*

Olsen's final argument on appeal is a combination of several contentions. Olsen first complains that the trial court erred in finding all of the elements of first-degree burglary were established. As discussed in division II of this opinion, we do not believe the trial court erred in this finding.

■ Olsen next complains that the trial court erroneously submitted a jury instruction regarding possession of a dangerous weapon. He claims that the marshaling instruction should have provided that the defendant had to possess a dangerous weapon *at the time of the breaking or entry,* as found in Uniform Jury Instructions 1300.3 and 1300.5. The trial court, however, submitted an instruction that required possession "during the perpetration of the burglary." While Uniform Jury Instruction 1300.5 cites the *Franklin* decision as authority, we believe the wording of the instruction does not accurately reflect the supreme court's holding in *Franklin. See Franklin,* 368 N.W.2d at 719–20. We interpret the holding in *Franklin* to mean that possession of a weapon *after* the breaking and entry is sufficient to elevate the crime of burglary to first-degree burglary. As such, we believe the instruction given by the trial court more accurately reflects the relevant legal standard, and was therefore wholly appropriate in this case.

■ Olsen also challenges the sufficiency of the evidence. The standard of review in challenging the sufficiency of the evidence is well established. *State v. Lampman,* 342 N.W.2d 77, 81 (Iowa App.1982). We will uphold a verdict where there is substantial evidence in the record tending

to support the charge. *State v. Aldape,* 307 N.W.2d 32, 39 (Iowa 1981).

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the state, including legitimate inferences and presumptions that fairly and reasonably may be deduced from the evidence in the record. *State v. Hall,* 371 N.W.2d 187, 188 (Iowa App.1985); *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984). Direct and circumstantial evidence are equally probative so long as the evidence raises "a fair inference of guilt and [does] more than create speculation, suspicion, or conjecture." *State v. Hamilton,* 309 N.W.2d 471, 479 (Iowa 1981). It is necessary to consider all the evidence in the record, and not just the evidence supporting the verdict, to determine whether there is substantial evidence to support the charge. *Hall,* 371 N.W.2d at 188; *Bass,* 349 N.W.2d at 500. Substantial evidence means evidence which would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Hall,* 371 N.W.2d at 188; *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984). On our review, we find substantial evidence to support Olsen's conviction.

Finally, Olsen argues that he was denied a fair trial by the "cumulative prejudicial effect" created by the admission of many of the State's exhibits. State's Exhibit 5, a pair of shoes taken from Olsen at the time of his arrest, and State's Exhibit 62, an inked impression of the shoe print from the same pair of shoes, were both introduced at trial. State's Exhibit 26 was a photograph of a handgun. The gun itself was also admitted into evidence. Exhibits 48 and 49 were black and white photographs of the lower door to the house, and Exhibits 51 through 59 were various black and white photographs of the interior of the house. Similarly, Exhibit 60 was a color videotape of the exterior and interior of the house taken soon after the police discovered the break-in. Olsen argues that the introduction of these similar items was prejudicially cumulative. We are unable to find an abuse of the trial court's discretion on this issue.

We believe that Olsen received a fair trial. The trial court did not commit error in denying Olsen's motions for a directed verdict of acquittal and for new trial.

The costs of this appeal are taxed to Olsen.

For all the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.