**STATE of Iowa, Appellee,**

v.

**Jerry Joe NICHOLS, Appellant.**

**No. 96–0788.**

Court of Appeals of Iowa.

Sept. 24, 1997.

Linda Del Gallo, State Appellate Defender, and Christopher Cooklin, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Kevin Parker, County Attorney, and Douglas D. Hammerand, Assistant County Attorney, for appellee.

Considered by SACKETT, P.J., and HUITINK and STREIT, JJ.

HUITINK, Judge.

Jerry Nichols appeals from judgment and sentence entered, following a jury trial, for first-degree burglary. He argues there was insufficient evidence to support the entry element of the crime of burglary. We affirm.

*I.   Background Facts and Proceedings.*

Nichols was charged with burglary and related offenses after he shot his son, Greg, at a Hy–Vee store in Indianola. At the time of the shooting, Greg was working in a food preparation room that was closed to the public. This room was separated from a public hallway by swinging doors. At trial, Nichols denied he entered this room and claimed he shot at Greg from the hallway.

The jury rejected Nichols' version and found him guilty of the "entry" alternative of first-degree burglary. The sole issue he raises on appeal is the sufficiency of the evidence supporting the jury's finding he entered the food preparation room where Greg was shot.

*II.   Scope of Review.*

Our scope of review is on assigned error only. Iowa R.App. P. 4 The standard of review in challenging the sufficiency of the evidence is well established. *State v. Lampman*, 342 N.W.2d 77, 81 (Iowa App.1983). We will uphold a verdict where there is substantial evidence in the record tending to

support the charge. *State v. Aldape*, 307 N.W.2d 32, 39 (Iowa 1981).

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the state, including legitimate inferences and presumptions that fairly and reasonably may be deduced from the evidence in the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984); *State v. Hall*, 371 N.W.2d 187, 188 (Iowa App.1985). Direct and circumstantial evidence are equally probative so long as the evidence raises "a fair inference of guilt and [does] more than create speculation, suspicion, or conjecture." *State v. Hamilton*, 309 N.W.2d 471, 479 (Iowa 1981). It is necessary to consider all the evidence in the record, not just the evidence supporting the verdict, to determine whether there is substantial evidence to support the charge. *Bass*, 349 N.W.2d at 500; *Hall*, 371 N.W.2d at 188. Substantial evidence means evidence which would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984); *Hall*, 371 N.W.2d at 188.

### III. Sufficiency of Evidence of Entry.

■ Professor Yeager has observed:

Neither the Iowa cases nor the Uniform Jury Instructions have concerned themselves with the word, entering, the meaning of which has apparently been considered obvious. It is generally thought that the entry can be physical entry by the person or the burglar or by any part of his body or can be merely the entry of some instrument controlled by the burglar.

4 John L. Yeager & Ronald L. Carlson, *Iowa Practice: Criminal Law and Procedure* § 292, at 76 (1979). The Uniform Jury Instructions now define entry in these terms: "to enter" means entering a structure with any part of the body, or with an instrument intended to be used to commit a felony. Vol. II, Iowa Crim. Jury Instructions 1300.12 (1993). This definition is consistent with the significance afforded the word entry in the law of burglary. 13 Am.Jur.2d *Burglary* at 327 (1964) (entry is not confined to the intrusion of the whole body but may consist of the insertion of any part for purposes of commit-

ting a felony). It also conforms to the ordinary meaning of the word entry. *See* Webster's New World Dictionary of the American Language 466 (2d ed.1974). We hold that Iowa Criminal Jury Instruction 1300.12 correctly expresses the meaning of the word entry for purposes of the statutory definition of burglary. *See* Iowa Code section 713.1.

■ At trial, several witnesses testified Nichols was not in the food preparation room, but in the doorway when he shot Greg. Nichols' wife, who witnessed the shooting, testified Nichols was in the hallway and Greg was passing through the door when the shooting occurred. Greg's testimony on this issue was inconsistent. At one point, he said Nichols did not enter the room. The jury heard Greg's deposition testimony where he testified Nichols was backing out of the room when he fired the gun at him. At trial, he testified Nichols' toes were in the room.

Another witness testified he found spent shotgun shells inside the room. He also testified he was certain the shells were not pushed into the room by the swinging doors when this witness entered the room. An investigator testified two waddings from the shotgun shells were found inside the room.

Although evidence of Nichols' location at the time of the shooting is conflicting, it nevertheless provides sufficient evidentiary support for the jury's implicit finding that a part of Nichols body entered the room or the shotgun was extended into the food preparation room when Greg was shot. The jury was free to accept direct and circumstantial evidence indicating Nichols was in the food preparation room when he shot Greg and reject all evidence to the contrary. We find no error and affirm the district court.

**AFFIRMED.**