# IN THE COURT OF APPEALS OF IOWA

No. 23-1166
Filed May 8, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MOHAMMED BADURUDDIN HUSSAIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.


        Mohammed Baduruddin Hussain appeals his sentences after pleading guilty to two counts of third-degree sexual abuse. **AFFIRMED.**


        Alexander Smith of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., Schumacher, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

Mohammed Baduruddin Hussain appeals his sentences after pleading guilty to two counts of third-degree sexual abuse. He contends the district court considered an improper factor in imposing his sentences. He also contends the court abused its discretion by ordering him to serve his sentences consecutively.

We review sentences for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). We reverse only upon an abuse of discretion or the consideration of inappropriate matters. *Id.* An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (citation omitted). The sentencing court abuses its discretion when it relies on an impermissible factor in imposing sentence, and such a defect entitles the defendant to a new sentencing hearing. *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022).

Hussain was thirty-nine years old when he performed sex acts on two fourteen-year-old girls in January 2023. One of the girls reported that Hussain picked them up, "got them drunk, brought them to the hotel, raped them, and then left." The State charged Hussain with six counts of third-degree sexual abuse[1] and one count of supplying alcohol to a person under the legal age. Hussain pleaded guilty to two counts of third-degree sexual assault under Iowa Code

---

[1] For each victim, the State charged Hussain with one count of third-degree sexual abuse under these alternatives: Iowa Code sections 709.4(1)(a) (2023) (by force or against the will of the other person), 709.4(1)(b)(2)(d) (against a fourteen-year-old while the defendant is four or more years older), and 709.4(1)(d) (while the other person is mentally incapacitated, physically incapacitated, or physically helpless).

section 709.4(1)(b)(2)(d), class "C" felonies, and the State dismissed the remaining charges.

At Hussain's sentencing, the court considered all the sources required by Iowa Rule of Criminal Procedure 2.23(2)(f): the arguments of both lawyers, the statement from the defendant, the testimony from the witnesses, and the contents and recommendation of the presentence report. The presentence investigation report recommended that the court impose concurrent ten-year terms of incarceration. The prosecutor recommended imposing consecutive sentences, citing the nature of Hussain's offenses, the need for both general and specific deterrence, community safety, and the effect of the crimes on the victims. The prosecutor also introduced into evidence the testimony of a 911 operator who spoke with one of the victims in the immediate aftermath of Hussain's crimes and a recording of that conversation to show the effect Hussain's actions had on the victims. Hussain's attorney asked that the court suspend Hussain's sentences based on his lack of prior criminal record, his employment history, and the likelihood he would be deported. Hussain then made a statement, telling the court he had "done everything right" in his life and simply made a mistake for which he had repented, promising he would never make such a mistake again. Finally, the mother of one victim recounted the effect Hussain's actions had on her daughter and asked the court to impose the maximum sentence allowed to prevent Hussain from "hurt[ing] anyone else's daughter and steal[ing] from them the way he stole from [hers]."

The court sentenced Hussain to consecutive ten-year terms of incarceration. It noted that Hussain admitted making a mistake but emphasized it was "a huge mistake with very serious consequences." It also stated,

> The reasons for my sentence today include everything placed on the record today as well as my consideration of *the need for punishment* and protection of these victims and the community. Lastly, I have also considered the hope for rehabilitation. The reason that I ran the two counts consecutive to each other is the seriousness of the offense as well as the fact that we have two separate victims and the impact this had on the two victims.[2]

(Emphasis added.)

Hussain contends the court abused its discretion by considering "the need for punishment." He claims the need for punishment is an improper sentencing factor and not included in the three sentencing goals of Iowa Code section 901.5 (the defendant's rehabilitation, deterrence of the defendant, and general deterrence). But crime and punishment (and sentencing) go hand in hand.[3] *Compare Punishment*, *Black's Law Dictionary* (11th ed. 2019) ("A sanction—such as a fine, *penalty*, *confinement*, or loss of property, right, or privilege—assessed against a person who has violated the law. *See SENTENCE*." (emphasis added)), *with Sentence*, *Black's Law Dictionary* (11th ed. 2019) ("The judgment that a court formally pronounces after finding a criminal defendant guilty; *the punishment imposed on a criminal wrongdoer* <a sentence of 20 years in prison>." (emphasis

---

[2] The transcript of the sentencing hearing reflects that Hussain was aided by an interpreter and indicates when the remarks were translated. We have removed those indications from the transcript to improve readability.

[3] For example, *see* Fyodor Dostoevsky, *Crime and Punishment* (William Allan Neilson, ed., Constance Garnett trans., P. F. Collier & Son 1917) (1867) or Anthony Vicenzo "Tony" Baretta's catchphrase, "Don't do the crime if you can't do the time." *Baretta*, (ABC television broadcast 1975–78).

added)). Often, the terms sentence and punishment are interchangeable. *See, e.g.*, *State v. Voshell*, 216 N.W.2d 309, 310 (Iowa 1974) ("[T]he sentencing judge is required to make his own judicial determination of what the punishment should be."); *State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967) ("The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual."); *see also State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (collecting cases). "[T]he truism with ancient roots [is] that the punishment should fit the crime." *State v. Null*, 836 N.W.2d 41, 57 (Iowa 2013). In an Eighth Amendment cruel and unusual punishment analysis, step one of the three-part analysis requires a court "to compare the severity of the punishment to the gravity of the crime to determine if the sentence leads to an inference of gross disproportionality." *State v. Oliver*, 812 N.W.2d 636, 640 (Iowa 2012). Although not required to consider the need for punishment in imposing sentence, the court may consider any relevant factor in determining the sentence that "will provide maximum opportunity for the rehabilitation of the defendant and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5; *accord State v. Phillips*, 996 N.W.2d 419, 421 (Iowa Ct. App. 2023) ("[T]he court must consider any relevant factors, including the nature and circumstances of the offense as well as the defendant's age, character, chances for reform, criminal record, employment history, and family circumstances."). The need for punishment is not an impermissible consideration. *See State v. Hudgins*, No. 02-0944, 2003 WL 1526372, at *3 (Iowa Ct. App. Mar. 26, 2003) (finding that the sentencing court did not abuse its discretion by considering "the nature of the victim's injuries (a factor

which bore on the nature of the offense) and the victim's desire for [the defendant] to be punished"). In the present context, punishment is integral to the sentence. Thus, the court did not abuse its discretion by considering it.

Hussain argues that he is "the kind of defendant who deserved a suspended sentence, or at the very least a concurrent sentence," and any other conclusion is an abuse of discretion. We disagree. The court considered each of the factors required by rule 2.23(2)(f) and selected the sentences that it believed would rehabilitate Hussain while protecting the community and the victims of Hussain's crimes. *See* Iowa Code §§ 901.5, 907.5. It imposed consecutive sentences based on the seriousness of Hussain's offenses, which involved two victims, and the impact that they had on those victims. The court "acted within its considerable discretion" in sentencing Hussain to consecutive sentences for third-degree sexual abuse. *See State v. Johnson*, 481 N.W.2d 541, 544 (Iowa Ct. App. 1991) (affirming imposition of consecutive sentences following defendant's convictions on three counts of third-degree sexual abuse). Because Hussain has not shown the court abused its sentencing discretion, we affirm.

**AFFIRMED.**